```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
SCOTT REIMER, individually and on behalf      08 Civ. 411 (NRB)
of all others similarly situated,

                    Plaintiff,

        - against -

AMBAC FINANCIAL GROUP, INC., ROBERT J.
GENADER, PHILLIP B. LASSITER, SEAN T.
LEONARD and THOMAS J. GANDOLFO,

                    Defendants.
-------------------------------------X
MARKO BABIC, individually and on behalf      08 Civ. 1273 (NRB)
of all others similarly situated,

                    Plaintiff,

        - against -

AMBAC FINANCIAL GROUP, INC., ROBERT J.
GENADER, PHILLIP B. LASSITER, SEAN T.
LEONARD and THOMAS J. GANDOLFO,

                    Defendants.
-------------------------------------X
KEVIN PARKER, individually and on behalf     08 Civ. 1825 (NRB)
of all others similarly situated,

                    Plaintiff,

        - against -

AMBAC FINANCIAL GROUP, INC., ROBERT J.
GENADER, PHILLIP B. LASSITER, SEAN T.
LEONARD and THOMAS J. GANDOLFO,

                    Defendants.
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/9/08

```
------------------------------------------X
MINNEAPOLIS FIREFIGHTERS' RELIEF
ASSOCIATION, individually and on behalf of     08 Civ. 1918 (NRB)
all others similarly situated,

                    Plaintiff,

        - against -
                                               MEMORANDUM and
AMBAC FINANCIAL GROUP, INC., ROBERT J.             ORDER
GENADER, PHILLIP B. LASSITER, SEAN T.
LEONARD and THOMAS J. GANDOLFO,

                    Defendants.
------------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before this Court are motions for (1) consolidation of the action, (2) for appointment as lead plaintiff, and (3) for approval of selection of lead counsel brought by two institutional investors: the Inter-Local Pension Fund GCC/IBT ("Inter-Local") and the "U.S. Public Pension Funds", which consists of the Public School Teachers' Pension & Retirement Fund of Chicago ("Chicago Teachers"), the Arkansas Teacher Retirement System ("Arkansas Teachers"), and the Public Employees' Retirement System of Mississippi ("Mississippi PERS"). For the reasons set forth below, we consolidate the securities actions, grant the U.S. Public Pension Funds' motion for appointment as lead plaintiffs, and approve its selection of lead counsel.

## BACKGROUND

These cases are securities class actions brought against Ambac Financial Group, Inc. ("Ambac"), a bond insurer, for allegedly misrepresenting (or omitting from its representations) its exposure to the subprime mortgage market. Ambac built itself into a financial powerhouse in the 1970s by pioneering municipal bond insurance and earning a AAA credit rating. According to the plaintiffs, Ambac traditionally focused on conservative municipal bond offerings but changed course in recent years. According to the complaints, it began to seek higher profits by insuring certain financial instruments that relied on mortgage-backed securities. As the mortgage crisis descended on Wall Street in the summer of 2007, Ambac disclosed that it suffered large losses due to its exposure to the subprime mortgage market. More losses were revealed in the fall of 2007 and, as a result, various rating agencies began to re-examine Ambac's AAA rating. Ambac disclosed further information about its exposure to the subprime mortgage crisis and Ambac's stock dropped significantly as ratings agencies and analysts inspected Ambac and the financial instruments that it insured.[1]

Four class actions were filed in January and February of 2008. The instant motions were filed on March 17, 2008.

---

[1] In July 2007, Ambac's stock was trading above $90. By January 2, 2008, its share price was approximately $25.

## DISCUSSION

### I. Consolidation of the Actions

As the related securities class actions filed against Ambac contain the same factual and legal issues, we consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure. See Glauser, 236 F.R.D. at 186. The caption of the consolidated actions shall hereinafter be "In re Ambac Financial Group, Inc. Securities Litigation." All relevant filings and submissions shall be maintained as one file under No. 08 Civ. 411 (NRB). Any other securities actions now pending or later filed in this district that arise out of or are related to the same facts as alleged in the above cases shall be consolidated with these actions for all purposes, under docket number 08 Civ. 411 (NRB).

### II. Appointment of Lead Plaintiff

#### A. The Private Securities Litigation Reform Act of 1995

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the appointment of a Lead Plaintiff in "each private action arising under the (Securities Exchange Act) that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(I). It provides that within 20 days of the filing of the action, plaintiffs are required to publish a notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within

60 days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A).

In appointing a lead plaintiff, we presume that the "most adequate plaintiff" is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice (published by a complainant);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported class that the presumptive lead plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Analysis

Both Inter-Local and the U.S. Public Pension Funds have filed proper and timely motions. Thus, our analysis turns to the applicants' financial interest in the litigation and their ability to meet the requirements of Rule 23.

1. **Financial Interest**

The question of which plaintiff or group of plaintiffs has the greatest financial stake is the pivotal factor under the PSLRA. In this case, a single pension fund, Inter-Local, is competing against a group of pension funds comprising the U.S. Public Pension Funds. Courts have disagreed as to whether it is appropriate to appoint a group instead of a single lead plaintiff. We consider this issue before examining the financial interests of the applicants.

a. **Group Applicants**

In In re Donnkenny Inc. Securities Litigation, 171 F.R.D. 156 (S.D.N.Y. 1997), Judge Cedarbaum rejected the application of two unrelated institutional investors and four individual plaintiffs:

> To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff. One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation. Appointing lead plaintiff on the basis of financial interest, rather than on a "first come, first serve" basis, was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers. See H.R. Conf. Rep. No. 104-369, at 31-35 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 730, 730-34. To allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow

>            and encourage lawyers to direct the
>            litigation. Congress hoped that the lead
>            plaintiff would seek the lawyers, rather
>            than having the lawyers seek the lead
>            plaintiff.

Id. at 157-58.

However, this position is now the minority view. See Wetz v. Lee, 299 F.R.D. 129, 132 (S.D.N.Y. 2001). In In Re Cendent Corporation Litigation, 264 F.3d 201, 266-67 (3d Cir. 2001), the Third Circuit appointed a lead plaintiff that was composed of a group of unrelated institutional investors. The court noted that the statute's language provides for such a result and that there was nothing inherently problematic with the appointment of a group with respect to whether that group would adequately represent the class. Id. Although we have not found a Second Circuit addressing this issue, judges in this district have appointed groups as lead plaintiff. See In re Tarragon Group Sec. Litig., No. 07 Civ. 7972 (PKC), 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007). ("The issue is not whether losses or holdings may be aggregated by members of a group seeking to become the lead plaintiff; indisputably, they may."). We agree that a group may be designated as the lead plaintiffs.

We note, however, that a group appointment may be inappropriate where the group is too large or where it has not evinced an ability (and a desire) to work collectively to manage the litigation. In other words, the group must not be "so

cumbersome as to deliver the control of the litigation into the hands of the lawyers." Wetz, 199 F.R.D. at 133. For example, in In re Tarragon, Judge Castel rejected the applications from two separate groups because they did not provide any evidence that they would "act separately from their lawyers." 2007 WL 4302732, at *1. Specifically, "[t]here [wa]s no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future." Id.

This is not the case here. The U.S. Public Pension Funds are cooperating and pursuing the litigation separately and apart from their lawyers. For example, representatives of the members of the U.S. Public Pension Funds have held joint conference calls to discuss the litigation and to formulate a strategy. See Decl. of Gerald H. Silk in Supp. of Mot. of the U.S. Public Pension Funds Ex. G ¶ 9 (Joint Decl. of Kevin Huber, Christa Clark and George W. Neville in Supp. of Mot. of the U.S. Public Pension Funds). While we acknowledge that such information comes from a declaration made to support this motion, we have no reason to doubt the veracity of the representatives of the member pension funds, who have prior working relationships, who have been involved in numerous prior securities class actions, and who represent that they will pursue the maximum recovery on behalf of all class members. See id. ¶¶ 6, 7, 11. Thus, we

8

find that the fact that the U.S. Public Pension Funds is comprised of three separate institutional investors does not preclude their appointment as lead plaintiffs.

### b. Financial Analysis

Turning to which of the applicants has the greater financial interest in this litigation, we consider four factors:

> (1) the number of gross shares purchased during the class period;
>
> (2) the number of net shares purchased during the class period;
>
> (3) the total net funds expended to acquire those shares; and
>
> (4) the movant's approximate losses.

See Glauser v. EVCI Center Colleges Holding Corp., 236 F.R.D. 184, 187 (S.D.N.Y. 2006)(citing In re Initial Pub. Offering Sec. Litig., 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). The fourth factor is viewed as the most important. See Vladimir v. Bioenvision, Inc., No. 07 Civ. 6416 (SHS)(AJP), 2007 WL 4526532, at *5 (S.D.N.Y. Dec. 21, 2007). Here, Inter-Local contends to have lost $2,790,730.99 through its transactions in Ambac shares. The U.S. Public Pensions Funds claims to have lost between $21 million and $31 million, depending on the method of calculation.[2] Notably, each of the pension funds that comprise the U.S. Public

---

[2] The lower number is calculated using the LIFO ("last-in, first out") method and the higher number is calculated using the FIFO ("first-in, first-out") method.

Pensions Funds group claims to have lost the following <u>minimum</u> amounts, respectively:

- Chicago Teachers: $10.1 million;
- Arkansas Teachers: $5.2 million; and
- Mississippi PERS: $5.6 million.[3]

These figures demonstrate that each individual member of the U.S. Public Pension Funds group has a greater financial interest in the litigation than Inter-Local. Accordingly, their wish to combine their efforts in the litigation -- as opposed to making separate lead plaintiff motions -- does not diminish the fact that they have a greater financial interest than Inter-Local. Thus, due to their collective (and individual) financial interests, the U.S. Public Pension Funds are the presumptive lead plaintiffs.

### 2. Typicality and Adequacy

As with a class certification determination under Rule 23 of the Federal Rules of Civil Procedure, under the PSLRA, we must determine whether the presumptive lead plaintiffs have claims that are typical of the class and whether the presumptive lead plaintiffs would adequately represent the class. "At this stage in the litigation, [a] party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of

---

[3] These are LIFO figures.

10

Rule 23." Glauser, 236 F.R.D. at 188 (quotation marks and citation omitted).

### (a) Typicality

We find that the U.S. Public Pension Funds have made an adequate typicality showing. Like the other class members, they purchased Ambac stock during the proposed class period at prices that allegedly were artificially inflated due to Ambac's alleged misrepresentations and allegedly suffered losses when the misrepresentations came to light and the stock value declined. See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992)("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

### (b) Adequacy

With respect to adequacy, Inter-Local argues that the U.S. Public Pension Funds has a conflict of interest that renders it unable to "fairly and adequately protect the interests of the class." Namely, Inter-Local points out that "Ambac insures numerous municipal bonds that have been issued by municipalities, cities and school systems that are connected to different members of the U.S. Public Pension Funds." Inter-Local Reply Br. at 2. Thus, according to Inter-Local, "the U.S.

Public Pension Funds will be more inclined to settle this action for less . . . ." Id. at 6.

While there is surface appeal to the argument, we find that Inter-Local has not met its burden of showing "upon proof" that the U.S. Public Pension Funds will not adequately represent the class.[4] 15 U.S.C. 78u-4(a)(3)(B)(iii)(II). Inter-Local glosses over the critical fact that the U.S. Public Pension Funds are distinct from the bond issuers that employ their contributors. As such, it not enough to merely provide evidence that the state entities, municipalities, and school districts related to the U.S. Public Pension Funds have issued bonds insured by Ambac. Rather, the conflict of interest must be shown and Inter-Local has failed on this account. See Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004)(noting that "specific support in evidence of the existence of an actual or potential conflict of interest" is needed). Even assuming a maximum recovery against Ambac would harm its credit rating and have negative repercussions for the bond-issuers related to the U.S. Public Pension Funds (all of which remains conjecture at this point), Inter-Local has not shown, or even concretely suggested, how this would adversely affect the U.S. Public

---

[4] We note that it has not been shown that the bond issuing entities highlighted by Inter-Local have employees whose pension funds are part of the U.S. Public Pension Funds group, but we presume that to be the case.

Pension Funds.[5]  Even in cases where the purported financial connection between the presumptive lead plaintiff and the defendant is less tenuous, courts have found that the presumption was not rebutted.  See, e.g., In re Fannie Mae Securities Litigation, 355 F. Supp. 2d 261, 263 (D.D.C. 2005)(appointing lead plaintiff that had purchased securities from the defendant).  Thus, because the U.S. Public Pension Funds' purported conflict of interest is theoretical, Inter-Local's attempt to rebut the presumption of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) fails.  The U.S. Public Pension Funds are appointed as lead plaintiffs.

### III. Approval of Lead Counsel

The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The U.S. Public Pension Funds have selected Bernstein Litowitz Berger & Grossman LLP and Kaplan Fox & Kilsheimer LLP as lead co-counsel for the class.  We find that these law firms have the experience and resources necessary and available to litigate this case.  Accordingly, we approve the selection.

---

[5] As a result, we deny Inter-Local's request for further limited discovery on this issue because it has not "demonstrate[d] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class" as required by 15 U.S.C. § 78u-4(a)(3)(B)(iv).  In addition, it is difficult to envision what actual "limited" discovery Inter-Local would seek.

SO ORDERED.

Dated:   New York, New York
         May 9, 2008

                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

   Copies of the foregoing Order have been mailed on this date to the following:

Gerald H. Silk
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas, 38th Floor
New York, NY 10019

Frederic S. Fox, Esq.
Kaplan Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Samuel H. Rudman, Esq.
Coughlin, Stoia, Geller, Rudman, & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747

Joshua A. Naftalis, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019